ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Feb-23 11:32:07
60CV-23-1393
C06D12 : 8 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**JAKIE HANAN**                                                           **PLAINTIFF**

v.                  CASE NO. _____

**OVERLOOK PARTNERS, LLC d/b/a STEEP HILL ARKANSAS,
BRANDON THORNTON, BRENT WHITTINGTON, BOLD TEAM LLC,
NSMC-OPCO, LLC D/B/A NATURAL STATE MEDICINAL
OSAGE CREEK CULTIVATION, LLC And JOHN DOES 1-10.**       **DEFENDANTS**

### COMPLAINT

Comes Plaintiff, **JAKIE HANAN**, through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint state:

### I. INTRODUCTION

1. Plaintiff is a chronic pain patient who has been prescribed medical marijuana by a physician. Plaintiff is sixty (60) years of age (or older) and has impairments which substantially limit many of his major life activities. As an elderly person with a disability, Plaintiff seeks redress under the ADPTA, for fraud, AR Code § 4-88-204 (2020), unjust enrichment, restitution, disgorgement, and breach of contract.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims.

3. Venue is proper in this Court because a substantial portion of the events giving rise to this suit occurred in Pulaski County, Arkansas.

### III. PARTIES

4. Plaintiff, **JAKIE HANAN**, is a resident and citizen of Arkansas; and, a holder of a medical marijuana card issued by the State of Arkansas. In 2022, Plaintiff purchased marijuana flower tested by Defendant, Steep Hill Arkansas, (hereinafter **"STEEP HILL"**) and grown by OSAGE, NSM, BOLD, and other cultivators. Plaintiff relied upon Steep Hill's test

**EXHIBIT 1**

results to his detriment.

5. Defendant, **DR. BRANDON THORNTON**, is the CEO and Co-Owner of (Overlook Partners, LLC d/b/a) Defendant, Steep Hill Arkansas, a cannabis science company with focus on analytical testing. Defendant, **BRENT WHITTINGTON**, is a Co-Owner of Steep Hill Arkansas.

6. Defendant, **NSMC-OPCO, LLC D/B/A NATURAL STATE MEDICINAL** (hereinafter "**NSM**"), is an Arkansas company that has its principal place of business in Arkansas, where it operates a medical marijuana cultivation facility.

7. Defendant, **BOLD TEAM LLC**, (hereinafter "**BOLD**"), is an Arkansas company that has its principal place of business in Arkansas, where it operates a medical marijuana cultivation facility.

8. Defendant, **OSAGE CREEK CULTIVATION, L.L.C.**, (collectively "**OSAGE**"), are Arkansas persons that have their principal place of business in Arkansas, where they operate a medical marijuana cultivation facility.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff is an elderly man with physical impairment and chronic pain. At the recommendation of his physician, Plaintiff purchased medical marijuana to treat his condition.

10. Plaintiff purchased medical marijuana cultivated by Osage, NSM, and BOLD and tested by Steep Hill as having certain percentages of THC.

11. Plaintiff, believing that the marijuana was medical grade and accurately labeled, used the labels to determine which products to purchase in order to dose for relief.

12. Plaintiff noticed that some products were less potent despite being labeled as having similar amounts of THC. Due to the inconsistency in potency, the products were unable to reliably provide Plaintiff the relief he expected.

13. Plaintiff had some marijuana tested at another lab. The tests revealed that product labels using Steep Hill's test results significantly exaggerated THC content.

14. Inaccurate labels make it difficult to dose, explaining why Plaintiff was unable to reliably alleviate his pain.

15. To further investigate, Plaintiff, and others, tested products from Arkansas cultivators using multiple state-approved labs. For flower samples, over thirty (30) potency results were collected and compared, primarily from Jan 2021 to February 2023. Additional samples continue to be purchased and checked.

16. Excluding Steep Hill, local labs produced results within 10% or better of each other. Steep Hill's results averaged 25%+ higher than the other labs, depending on the lab, sample pool, etc.

17. Below is an example of the initial testing comparison. In this case, 36 flower samples were tested for potency and compared with the product labels quoting Steep Hill's results.

* Column A is the BioTrack Batch ID (up to ten pounds of medical marijuana flower from a single harvest)

* Column B is the name of the cultivator and the product name

* Column C is the THC concentration by weight, expressed as a percentage, from the label (tested by Steep Hill)

* Column D is the THC concentration by weight, expressed as a percentage, tested by a check lab.

* Column E is the difference between the two concentrations

* Column F is the percent inflation, calculated from a ratio of Steep Hill's result to the check lab's.

| State ID | Sample Desc. | SH Total THC(%) | Check Lab #1 Total THC(%) | Difference (%) | Inflation (%) |
|---|---|---|---|---|---|
| M00123C06284295581 | GDF - OG Kush | 23.92 | 18.02 | 5.90 | 32.5% |
| M00123C06282270281 | GDF - Berke: | 23.75 | 18.41 | 5.34 | 29.2% |
| M00083C01284446866 | OSAGE - Critical Sensi Star | 17.8 | 12.04 | 5.76 | 47.5% |
| M00083C01282951447 | OSAGE - Purple Trainwreck | 22.7 | 17.20 | 5.50 | 32.3% |
| M00026C14138826806 | BOLD - Atlantic Kush | 15.75 | 11.20 | 4.55 | 40.7% |
| M00088C06283313325 | NSM - Burkle | 20.1 | 14.00 | 6.10 | 43.5% |
| M00088C06133576478 | NSM - Morris Code | 20.31 | 13.42 | 6.89 | 51.3% |
| M00083C01137864085 | OSAGE - Critical Sensi Star | 20.30 | 15.31 | 4.99 | 32.6% |
| M00026C14136888326 | BOLD - Purple Punch | 16.99 | 17.38 | -0.39 | -2.3% |
| M00088C06287849898 | NSM - Commerce City Kush | 27.30 | 25.36 | 1.94 | 7.6% |
| M00026C14133043212 | BOLD - S'mores | 20.26 | 19.16 | 1.10 | 5.8% |
| M00267D04131876988 | NSM - Grease Monkey | 17.35 | 15.50 | 1.85 | 11.9% |
| M00267D04130407539 | BOLD - Rainmaker | 28.48 | 18.74 | 9.74 | 52.0% |
| M00026C14133821565 | BOLD - Queen Mother Goji | 26.74 | 18.59 | 8.15 | 43.8% |
| M00026C14134278996 | BOLD - Stardawg F2 | 25.7 | 18.99 | 6.71 | 35.3% |
| M00026C14135048006 | BOLD - GG 4 | 25.45 | 20.96 | 4.49 | 21.4% |
| M00088C06283014215 | NSM - Sunset Magic | 17.5 | 14.06 | 3.44 | 24.5% |
| M00123C06288583614 | GDF - Crescendo #11 | 23.27 | 19.87 | 3.40 | 17.1% |
| M00083C01287866514 | OSAGE - Northern Lights | 21.5 | 19.88 | 1.62 | 8.1% |
| M00088C06283715053 | NSM - Lemon OG Haze | 19.0 | 17.34 | 1.64 | 9.6% |
| M00088C06288537589 | NSM - Purple Sunset | 19.9 | 18.66 | 1.24 | 6.6% |
| M00026C14135391195 | BOLD - Holy Roller OG | 21.22 | 17.64 | 3.58 | 20.3% |
| M00123C06282930942 | GDF - Super Lemon Haze | 23.61 | 17.67 | 5.94 | 33.6% |
| M00011C06283834286 | DELTA - Gorilla Glue #4 | 24.63 | 18.78 | 5.85 | 31.2% |
| M00026C14131162493 | BOLD - Headband Cookies Shake | 21.42 | 18.08 | 3.34 | 18.5% |
| M00026C14137773102 | BOLD - Notorious THC Shake | 22.93 | 17.88 | 5.05 | 28.2% |
| M00026C14136031648 | BOLD - Cookies and Cream | 24.49 | 21.23 | 3.26 | 15.3% |
| M00123C06283249893 | GDF - Banana MAC | 23.39 | 16.66 | 6.73 | 40.4% |
| M00026C14132566859 | BOLD - Cookies and Chem | 24.81 | 23.46 | 1.35 | 5.8% |
| M00026C14135712266 | BOLD - Golden Goat | 22.53 | 18.64 | 3.89 | 20.9% |
| M00026C14138022196 | BOLD - Gelato 33 | 20.31 | 17.20 | 3.11 | 18.1% |
| M00026C14132711693 | BOLD - Sour Berry Blue | 21.29 | 17.58 | 3.71 | 21.1% |
| M00123C06284601954 | GDF - Peach Gelato Kush | 22.5 | 18.83 | 3.67 | 19.5% |
| M00088C06288319977 | NSM - AK47 | 16.4 | 13.12 | 3.28 | 25.0% |
| M00026C14135938990 | BOLD - Jazz Cabbage | 16.08 | 11.62 | 4.46 | 38.4% |
| M00120C017135928932 | CARPENTER - Zookies | 27.05 | 20.54 | 6.51 | 31.7% |

18.     Marijuana flower with higher concentration of THC is more valuable. So there is incentive to exaggerate the THC content of flower - it can be sold for more money. As a result, Cultivators often choose a lab that reports the highest THC value, a phenomenon known as "lab shopping."

19.     Steep Hill inflates for the Cultivators, making them more money. In return, the Cultivators reward Steep Hill by testing with them – a multimillion dollar relationship.

20. The fraudulent testing comes at the expense of medical marijuana patients. Plaintiff and Class pay for a higher grade of marijuana but are in fact receiving a lower grade of marijuana. This situation, ongoing for years, has created millions of dollars of fraudulent profit. This is damage to Plaintiff's property.

21. Defendant, Steep Hill Arkansas, rejects requests to test samples brought by individual patients.

22. Defendant, Steep Hill Arkansas, has refused to participate in a local lab comparison to demonstrate that their results are in line with the rest of the testing community.

23. Interlab testing comparisons aside, a simple statistical analysis of Steep Hill's results also indicates manipulation of data.

24. Just like human height (and many natural phenomena) in a population, THC concentrations in marijuana flower conform to a "normal distribution" or bell curve.

25. The thirty-six (36) flower samples submitted by Plaintiff, Jakie Hanan, and other patients, conform to a "bell curve" frequency distribution, as can be seen below:



26. However, those same samples, as tested by Steep Hill Arkansas (per their label), produce a discontinuous curve at approximately 20% THC, a well-known price threshold. Such curves are hallmarks of manipulated results (Zoorob, 2021).



27. Lab testing is supposed to be independent or third-party.

28. In past years, Defendant, Steep Hill Arkansas, has allowed sampling to be performed by the Cultivators. This is a conflict of interest and violates independent testing.

29. In order to allow the Cultivators to continue sampling, Defendant, Steep Hill Arkansas, paid cultivator employees so they could also be "Steep Hill employees"; and, therefore, sampling was carried out by the lab. However, this does not absolve Defendant, Steep Hill Arkansas, and the Cultivators, from violating the requirement of third-party sampling.

30. Defendant, Steep Hill Arkansas, may have changed many of their processes since July 2022, when the original filing of *Plumlee vs. Steep Hill Inc.* occurred. This does not absolve them from years of fraudulent testing nor can they be trusted not to repeat their dishonest practices.

## COUNT I FRAUD/ ADPTA

31. Plaintiff realleges the foregoing as if more fully set out herein.

32. Defendant, Steep Hill Arkansas, and the Cultivators, have intentionally misrepresented the amount of THC in the marijuana brought by Plaintiff.

33. In its test, Defendant, Steep Hill, overstated the amount of THC in the marijuana flower by approximately 25% on the average. Inflation reached as high as 52%.

34. To facilitate this fraud, the Defendants published the false test results, resulting in thousands of mislabeled products.

35. Defendants intended that Plaintiff rely on these test results, and Plaintiff reasonably relied on these test results to their detriment.

36. Plaintiff, a person over the age of 60 and a person with a disability, sues Defendants for fraud and violation of the Arkansas Deceptive Trade Practices Act.

37. Each Defendant aided and abetted the fraud perpetrated on the Plaintiff, such that each Plaintiff is entitled to judgment against one or more Defendants.

38. Each Defendant defrauded one or more by selling products that contained less than the total THC advertised.

39. Dispensaries may have been unaware that Steep Hill and the cultivators fraudulently labeled the flower.

40. Plaintiff reasonably relied upon Defendants' intentional misrepresentation to his detriment.

41. The misrepresentations of Defendants and John Does 1-10 directly and proximately injured Plaintiff's property such that Plaintiff should receive damages for his purchase price.

42. Plaintiff has suffered mental and emotional distress and experienced unnecessary pain and a delay in treatment.

43. Defendants have been reckless so as to warrant the imposition of punitive damages and statutory penalties.

## JURY DEMAND

44. Plaintiff prays for a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, **JAKIE HANAN**, prays for an Order and Judgment:

a. Enjoining Steep Hill from testing in a fraudulent manner;

b. Ordering Restitution;

c. Award maximum penalties under AR Code § 4-88-202 (2020) for each violation;

d. Awarding Plaintiff reasonable costs, and attorneys' fees, incurred in bringing this litigation;

e. Award Plaintiff compensatory and punitive damages in amount to be determined by a jury;

f. Trial by jury; and,

g. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Attorneys for the Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
1501 N. Pierce Street., Ste. 105
Little Rock, AR 72207
501/315-1910 – OFFICE
501/315-1916 – FACSIMILE
Luther.sutterlaw@gmail.com

By:   /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95031