IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| JAKIE HANAN | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:23-CV-00308 |
| | ) |
| STEEP HILL ARKANSAS, | ) |
| BRENT WHITTINGTON, | ) |
| BRANDON THORNTON, | ) |
| BOLD TEAM LLC, NSMC-OPCO, LLC D/B/A | ) |
| NATURAL STATE MEDICINAL, | ) |
| OSAGE CREEK | ) |
| CULTIVATION, LLC, and JOHN DOES 1-10 | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM REPLY TO RESPONSE TO MOTION TO AMEND**

Plaintiff, by his attorney, Luther Oneal Sutter, for his Reply, states:

1. Despite committing untold numbers of federal felonies each day, Defendants removed this matter to this Court based on a single reference to a Class that was not defined anywhere in the Complaint. Rule 15 allows an amendment once as a matter of right within 21 days. "Federal courts, unlike their state counterparts, are courts of limited jurisdiction." *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 95, 101 S. Ct. 1571, 67 L. Ed. 2d 750 (1981). As a result, the law, reflecting federalism concerns, presumes that a case falls outside a federal court's limited reach. *See Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003). A defendant may, nevertheless, remove an action first filed in state court to federal court

when the federal court possesses subject-matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). In recognition of the Framers' design for state rather than federal courts to form the backbone of the nation's judiciary, *see* U.S. CONST. art. III, § 1 (permitting yet not requiring Congress establish "inferior courts"); *id.* art. III, § 2 (restricting federal court jurisdiction to particular types of "cases" and "controversies"), a federal court will strictly construe the scope of its removal jurisdiction, *see Clean Label Project Found. v. Now Health Grp., Inc.*, No. CV 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488, 2021 WL 2809106, at *2 (D.D.C. July 6, 2021). And the party challenging a motion to remand the case back to where it originated bears the burden of establishing the federal court's subject-matter jurisdiction to keep the controversy. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921); *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012). Of course, given the Court's jurisdiction is currently at issue, this Court should review the proposed Amended Complaint to see if it states a colorable claim, a much less stringent standard than Rule 12. *See Tracy v. Boar's Head*, Case 2:20-cv-00205-LPR Document 17 Filed 08/05/21. Thus, Defendant's arguments about futility miss the point at this procedural juncture.

2. The Steep Hill Defendants[1] claim they made no misrepresentations to the Plaintiff. However, its testing was the basis for overstated THC and thus the reason Plaintiff

---

[1] The reach of the ADPTA to individual Defendants is broad. Every person, or every partner, officer, or director of another person who directly or indirectly controls another person or who is in violation of or liable under this chapter or every person who directly or indirectly facilitates, assists, acts as intermediary for, or in any way aids another person who is in violation of or liable under this chapter in the operation or continuance of the act or practice for which the violations or liability exists shall be jointly and severally liable for any penalties assessed and any monetary judgments awarded in any proceeding for civil enforcement of this chapter, if the persons to be held jointly and severally liable knew or reasonably should have known of the existence of the facts by reason of which the violation or liability exists. A.C.A. § 4-88-113

purchased the product. It is settled law that all who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefor. *Hinton v. Bryant*, 236 Ark. 577, 367 S.W.2d 442 (1963); *Reasor-Hill Corp. v. Kennedy*, 224 Ark. 248, 272 S.W.2d 685 (1954). Section 876 of the *Restatement (Second) of Torts* (1979) provides:

For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
(a) does a tortious act in concert with the other or pursuant to a common design with him, or
(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
(c) gives substantial assistance to the other in accomplishing a tortious result and his own

conduct, separately considered, constitutes a breach of duty to the third person. *Springdale Diagnostic Clinic v. Northwest Physicians, L.L.C.,* 2003 Ark. App. LEXIS 697, *9-10.  Thus, this argument should be rejected.

   3. Some Defendant's argue that they cannot be unjustly enriched because of the state required a label.  But that is not the law in this diversity action. For a court to find unjust enrichment, a party must have received something of value to which the party is not entitled and which the party must restore. *Campbell v. Asbury Auto.*, *Inc.*, 2011 Ark. 157, 381 S.W.3d 21. It is an equitable principle invoked to render a situation fair under the circumstances. *See Le v. Nguyen*, 2010 Ark. App. 712, 379 S.W.3d 573. A tortious or fraudulent act is not required to create a basis for an unjust-enrichment claim. *Frigillana v. Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979). Unjust enrichment does not require the commission of a wrongful act by the enriched party. Even an innocent defendant is subject to an unjust-enrichment claim brought by a more deserving party. *Malone v. Hines*, 36 Ark. App. 254, 822 S.W.2d 394 (1992).  Thus, Defendants' argument should

be rejected. Quasi-contracts, or contracts implied in law, are legal fictions, created by the law to do justice. *Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). The underlying principle is that one person should not unjustly enrich himself or herself at the expense of another. *Id.* The basis for recovery under this theory is the benefit that the party has received, and it is restitutionary in nature. *Id.* As in *Johnson v. Atkins Nutritionals, Inc.*, 2017 U.S. Dist. LEXIS 208995, *33-34, the core of Plaintiff's complaint is that Defendant's labeling practices mislead their consumers. Consumers rely on Defendant's labels to be truthful and not misleading when making purchasing decisions, and they have a right to so rely. As in *Johnson v. Atkins Nutritionals, Inc.*, 2017 U.S. Dist. LEXIS 208995, *33-34, Plaintiff claims he would not have purchased Defendant's product had he been aware of the false or misleading nature of Defendant's labels. That court held that it would be unjust to permit Defendant to retain the monetary benefit derived from Plaintiff's purchases if, in fact, its labels are false or misleading. Thus, Plaintiff states a claim for unjust enrichment, and the Motion to Amend should be granted.

4. Contrary to Defendants' arguments, the proposed Amended Complaint sufficiently alleges standing and injury:

> 3. Plaintiff, JAKIE HANAN, is a resident and citizen of Arkansas; and, a holder of a medical marijuana card issued by the State of Arkansas. In 2022, Plaintiff purchased marijuana flower tested by Defendant, Steep Hill Arkansas, (hereinafter "STEEP HILL") and grown by OSAGE, NSM, BOLD, and other cultivators. Plaintiff relied upon Steep Hill's test results to his detriment.
> 31. Defendant, Steep Hill Arkansas, and the Cultivators, have intentionally misrepresented the amount of THC in the marijuana brought by Plaintiff for personal use. Steep Hill tests marijuana for cultivators for the express purpose of providing consumers like the Plaintiff with information regarding the marijuana persons like the Plaintiff intend to purchase. Without Steep Hill's deception, the cultivators could not make false warranties or misrepresentations of facts about the marijuana they sell.
> 33. Plaintiff has a marijuana card issued by the state of Arkansas and purchased the marijuana from through a licensed dispensary for personal use. The marijuana was grown

and labelled by the Defendant cultivators, even though the Defendant cultivator knew each label was false.

34. As a business practice, each of the Defendant cultivator uses Steep Hill because it is the lab that produces the highest THC numbers, even though cultivators have been informed that Steep Hill's testing methods lead to unreliable results.

35. In its testing, Defendant, Steep Hill, overstated the amount of THC in the marijuana flower by approximately 25% on the average. Inflation reached as high as 52%.

36. To facilitate this fraud, the Defendants created or published the false test results, resulting in thousands of mislabeled products.

Thus, Plaintiff's Amended Complaint is not futile. The standard for pleading fraud in the 8th Circuit requires specific allegations of fraud, including the time, place, and content of the alleged fraudulent representation, the identity of the person making the misrepresentation, and the injury suffered as a result of the fraud. The pleading must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires the plaintiff to plead fraud with particularity, including the who, what, when, where, and how of the alleged fraud. The plaintiff must also allege facts from which fraudulent intent can be inferred. Here, Plaintiff's pleading provides this level of detail by identifying the products Steep Hill fraudulently tested in order to overstate the amount of THC in their marijuana in paragraph 16, as well as paragraphs 30-45. Other Courts have denied dismissal on similar claims. In *Porter v. NBTY, Inc.,* 2019 U.S. Dist. LEXIS 190495, *3, the plaintiff alleged that between 2013 and 2016, Porter and Kwon purchased defendants' protein supplement Body Fortress Super Advanced Whey Protein because they believed the product contained 60 grams of whey protein in two scoops. The front label stated "60g Premium Protein." The nutrition panel on the back stated the product contained 30 grams of protein and 60% of the "Daily Value" for protein, per scoop. Thus, plaintiffs claimed defendants engaged in "protein-spiking," a practice that inflates a product's protein count. Because defendants allegedly overstated the protein amount and

source on the product label, Porter and Kwon argued the product label is false and misleading in violation of multiple state consumer-fraud laws, just as Plaintiff does here. The Court denied a motion to dismiss and eventually denied summary judgment. This Court should do the same. Plaintiff's proposed Amended Complaint states a claim.

5. Plaintiff's proposed Amended Complaint states a claim for breach of warranty regarding the THC percentage as well. In *Johnson v. Atkins Nutritionals, Inc.*, 2017 U.S. Dist. LEXIS 208995, *30-31, the Court held that the plaintiff adequately pleaded a claim for breach of express warranty. The labels at issue in that case represented express warranties:

The "Counting Carbs?" label tells purchases that net carbohydrates are the carbohydrates that impact blood sugar. The front label tells purchasers how many net carbohydrates the product contains. Together, they constitute a statement of fact that the product contains a certain number of carbohydrates that impact blood sugar. Plaintiff alleges that the products do not conform to that statement because sugar alcohols have a more than minimal impact on blood sugar. Furthermore, Plaintiff alleges reliance on these labels and that they were material in making his purchasing decisions. Finally, Plaintiff is not required to give notice where it is futile. Defendant could not correct the products and make them conform to the label because Plaintiff already consumed the products.

*Id.* And such is the case here, albeit in a context where there is no FDA pre-emption. The Court should allow the amendment and remand this matter to the state court. And contrary to Defendant's arguments that Plaintiff has not identified any particular product whose THC percentage was misrepresented, some of those products are identified in paragraph 16 of the proposed Amended Complaint.

6. An action under the ADTPA is not a "fraud" action. *Pleasant v. McDaniel*, 2018 Ark. App. 254, 7. To establish a claim under the ADTPA, however, a plaintiff need only

prove (1) a deceptive consumer-oriented act[2] or practice which is misleading in a material respect, and (2) injury resulting from such act. *See* Ark. Code Ann. § 4-88-113(f). *Id.* Plaintiff has also plead for relief under A.C.A. § 4-88-203 and 204.

In determining whether to impose an enhanced civil penalty under this subchapter and the amount thereof, the court shall consider the extent to which one (1) or more of the following factors are present:
**(1)** Whether the defendant's conduct was in disregard of the rights of the elder person or person with a disability;
**(2)** Whether the defendant knew or should have known that the defendant's conduct was directed to an elder person or person with a disability;
**(3)** Whether the elder person or person with a disability was more vulnerable to the defendant's conduct because of age, poor health, infirmity, impaired understanding, restricted mobility, or disability than other persons and whether the elder person or person with a disability actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct;
**(4)** Whether the defendant's conduct caused an elder person or person with a disability to suffer any of the following:
**(A)** Mental or emotional anguish;
**(B)** Loss of or encumbrance upon a primary residence of the elder person or person with a disability;
**(C)** Loss of or encumbrance upon the elder or disabled person's principal employment or principal source of income;
**(D)** Loss of funds received under a pension or retirement plan or a government benefits program;
**(E)** Loss of property set aside for retirement or for personal or family care and maintenance; or
**(F)** Loss of assets essential to the health and welfare of the elder person or person with a disability; or
**(5)** Any other factors the court deems appropriate.

And

An elder person or person with a disability who suffers damage or injury as a result of an offense or violation described in this chapter has a cause of action to recover actual damages, punitive damages, if appropriate, and reasonable attorney's fees. Restitution ordered pursuant to this section has priority over a civil penalty imposed pursuant to this subchapter.

---

[2] Plaintiff has plead he purchased marijuana for personal use for his medical conditions, which satisfies this element.

A.C.A. § 4-88-204[3]. Plaintiff has adequately plead a consumer oriented act by virtue of the labeling allegations. Here, Defendants sold Plaintiff a premium product for a premium price. Although Plaintiff paid a premium price, he did not receive a premium product. Plaintiff's damages are the difference between a premium product and regular product. See paragraph 19. Plaintiff also pleads detrimental reliance. See paragraphs 54, 41 and 42. Plaintiff has alleged that he experienced unnecessary physical pain when he used the Defendants' "medicine."

7. Defendants also incorrectly argue that the ADPTA safe harbor applies in this case because of the Marijuana Commission. But the activities alleged in the proposed Amended Complaint are not authorized by any state agency, The ADTPA prohibits a variety of listed practices, including "knowingly making false representations," and "any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(1) & (a)(10) (Repl. 2011). Arkansas Code Annotated section 4-88-108(2) also prohibits "concealment, suppression, or omission of any material fact"; however, an exception to the ADTPA is the "safe harbor" provision, which provides that the ADTPA does not apply to actions or transactions specifically permitted under laws administered by a regulatory body or officer acting under statutory authority. Ark. Code Ann. § 4-88-101(3). An elder person or person with a disability who suffers damage or injury as a result of an offense or violation described in this chapter has a cause of action to recover actual damages, punitive damages, if appropriate, and reasonable attorney's

---

[3] The requirement of actual financial loss in A.C.A. § 4-88-113 is absent from this subsection. Thus, to the extent Plaintiff pleads under this subsection, no financial injury is required and Plaintiff may seek penalties.

fees. Restitution ordered pursuant to this section has priority over a civil penalty imposed pursuant to this subchapter. A.C.A. § 4-88-204. These are the remedies Plaintiff seeks in addition to those provided in the previous subchapter.

8. In *Pleasant v. McDaniel,* 2018 Ark. App. 254, 4, the Arkansas Supreme Court rejected a similar argument seeking to expand the breadth of the safe harbour. In that case, it was contended that pursuant to Arkansas Code Annotated section 17-81-107(a)(1)(A) (Suppl. 2017) (effective August 16, 2013), procurers are regulated by the Arkansas State Board of Chiropractic Examiners and their conduct is specifically permitted under the laws administered by the Board; thus, it was argued that the safe-harbor provision protected them from the claims brought by the State. *Pleasant v. McDaniel,* 2018 Ark. App. 254, 4. The Arkansas Supreme Court rejected that argument, just like this Court should. Defendants appear to argue the general-activity rule, which would undermine the ADTPA's purpose by exempting all conduct subject to regulation by a state or federal regulator. The Arkansas Supreme Court has specifically rejected this argument because the general-activity rule would essentially read the ADTPA out of existence. *Air Evac EMS, Inc. v. Usable Mut. Ins. Co.*, 2017 Ark. 368, 5. This Court should too.

9. Plaintiff has timely requested a stay of the pending motions to dismiss, so there is no basis for defaulting the Plaintiff. Indeed, granting the Motion to Amend would moot the pending motions. If amendment is allowed, this Court should then remand this matter to state court.

10. To the extent that the Court finds the proposed Amended Complaint deficient, Plaintiff should be allowed another opportunity to address any deficiencies.

WHEREFORE, the Plaintiffs respectfully request an Order granting the Motion to Remand, granting the Motion to Amend, for a hearing, and all other proper relief

                Respectfully submitted

*Luther Sutter* _____
Luther Oneal Sutter
Ark. Bar No. 95031
SUTTER & GILLHAM, P.L.L.C.
P.O. Box 2012
Benton, AR 72018
501/315-1910 - OFFICE
501/315-1916 - FACSIMILE
luthersutter.law@gmail.com

Attorney for the Plaintiffs

## Certificate of Service

I hereby certify that on May 31, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record:

Andrew Samuel Tarvin     andrew.tarvin@kutakrock.com, Elizabeth.Hulse@KutakRock.com, sadie.stith@kutakrock.com

Jerry D. Garner     jgarner@barberlawfirm.com, jwatson@barberlawfirm.com

Joseph Cotten Cunningham     ccunningham@barberlawfirm.com, jwatson@barberlawfirm.com

Kenneth P. Castleberry     casey@castleberrylawfirm.com, whitney@castleberrylawfirm.com

Kevin A. Crass     crass@fridayfirm.com, rlprine@fridayfirm.com

Martin A. Kasten     mkasten@fridayfirm.com, tevans@fridayfirm.com

Robbin Shumon Rahman     rrahman@barberlawfirm.com, DHolloway@barberlawfirm.com

                __*Luther Sutter*_____
                Luther Oneal Sutter